IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARGARET K. WILSKI**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**DOES 1–10**; **ERIC DOTSON**, an individual; **TRACY MAURER**, an individual; **ROB WATSON**, an individual; **ALYCIA PITTS**, an individual; **TOM TEAGUE**, an individual; and **MATTHEW D. PHILLIPS**, an individual,<br><br>Defendants. | Case No. 3:23-cv-01014-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Amy Potter, Angeli Law Group LLC, 121 SW Morrison Street, Suite 400, Portland, OR 97204. Attorney for Plaintiff.

Aaron P. Hisel and Elizabeth A. Jones, Capitol Legal Services, 901 Capitol Street NE, Salem, OR 97301. Attorneys for Defendants.

**IMMERGUT, District Judge.**

      This prisoner litigation action is before this Court on Defendants' Motion for Summary Judgment ("Mot."), ECF 32. Defendants' Motion raises a single, dispositive legal issue: whether

PAGE 1 – OPINION & ORDER ON SUMMARY JUDGMENT

Plaintiff exhausted her administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Because this Court holds that she has not, Defendants' Motion is granted.

## LEGAL STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a defendant moves for summary judgment on an affirmative defense, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (per curiam) (noting that a party moving for summary judgment on a claim for which it will have the burden at trial "must establish beyond controversy every essential element" of the claim (internal quotation marks omitted)). A court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

## BACKGROUND

In May 2021, Plaintiff Margaret Wilski was booked into Clatsop County Jail for Assault II. Joint Statement of Agreed Material Facts ("Agreed Facts"), ECF 31 ¶ 1. She was fifteen weeks pregnant. *Id.* ¶ 2. Plaintiff remained in jail for the duration of her pregnancy and for forty-six days after the birth of her child. *Id.* ¶ 3.

Clatstop County Jail has a grievance process in place. *Id.* ¶¶ 4–9. While in custody, Plaintiff filed two grievances related to her pre-natal care. *Id.* ¶¶ 10–13. Plaintiff concedes that she did not appeal the resolution of these grievances, and thus did not exhaust her administrative remedies for these grievances. *Id.* ¶ 18.

PAGE 2 – OPINION & ORDER ON SUMMARY JUDGMENT

Plaintiff twice consented to a labor induction. *Id.* ¶ 14. She signed a consent form in the presence of her OB provider, Dr. Snyder. *Id.* Plaintiff never filed a grievance concerning jail staff's coordination and care regarding labor induction. *Id.* ¶ 15.

Plaintiff gave birth to her son on November 19, 2021 after her scheduled labor induction. *Id.* ¶ 16. Plaintiff returned to jail the next day. *Id.* ¶ 17. She did not file a grievance concerning post-partum medical or mental health care she received. *Id.*

Plaintiff was transferred from jail to prison custody in 2022. *Id.* ¶ 19.

In July 2023, Plaintiff filed this action pro se. Complaint, ECF 2. In November 2023, this Court appointed pro bono counsel for Plaintiff. ECF 13. In April 2024, Plaintiff filed an amended complaint. ECF 22. Plaintiff brings claims under 18 U.S.C. § 1983 for failure to provide adequate healthcare under the Eighth and Fourteenth Amendments and a denial of equal protection based on gender under the Fourteenth Amendment, all based on the inducement of her labor and her post-natal care. *Id.* ¶¶ 31–47. Defendants moved for summary judgment on September 19, 2024. ECF 32.

## DISCUSSION

Defendants argue that they are entitled to summary judgment on their affirmative defense that Plaintiff failed to exhaust the administrative remedies available to her, as required under the PLRA.[1] Mot., ECF 32 at 3. Plaintiff concedes that she failed to exhaust, but argues that "an exception applies because of her condition" as a pregnant woman "who was induced, delivered a baby, and then was returned to Clatsop County Jail after very little time with her child." Resp.,

---

[1] Failure to exhaust under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

ECF 36 at 4–5. This Court concludes, based on the undisputed record, that Plaintiff failed to exhaust available administrative remedies. Her claims are therefore barred by the PLRA.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is "mandatory," *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), but administrative remedies need only be exhausted if they are "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). To be "available," the grievance procedures must be "capable of use" to obtain relief. *Id.* In *Ross*, the Supreme Court identified three circumstances in which a remedy is not available: (1) when the administrative procedure "operates as a simple dead end," (2) when the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use," and (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44; *see also Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) (describing the *Ross* circumstances as a "non-exhaustive list"); *Fordley v. Lizarraga*, 18 F.4th 344, 351–52, 357 (9th Cir. 2021) (identifying specific circumstances where administrative remedies are unavailable).

The question here is whether the grievance process was "capable of use" by Plaintiff during pregnancy and after giving birth. At the summary judgment stage, Defendants bear the burden of showing that Clatstop County Jail had an administrative process "generally available" to Plaintiff for handling healthcare grievances. *See Fordley*, 18 F.4th at 350–51. Defendants have done so. *See* Agreed Facts, ECF 31 ¶¶ 4–13 (outlining grievance process and Plaintiff's prior healthcare grievances). The burden then shifts to Plaintiff to show that "something in [her] particular case made the generally available administrative remedies effectively unavailable to

PAGE 4 – OPINION & ORDER ON SUMMARY JUDGMENT

[her]." *Fordley*, 18 F.4th at 351; *see Eaton v. Blewett*, 50 F.4th 1240, 1247 (9th Cir. 2022) ("[A] plaintiff must point to specific circumstances in the case that made administrative remedies practically unavailable." (citing *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc))). Plaintiff asks this Court to conclude that the ordinary grievance process is not "available" to a post-partum inmate in her circumstances. *See* Resp., ECF 36 at 4–6.

Plaintiff does not argue that her situation is analogous to any of the circumstances recognized by the Supreme Court or the Ninth Circuit, but multiple courts in the Ninth Circuit, as well as other courts of appeals, have found that administrative remedies are unavailable "where a physical or mental illness rendered the plaintiff unable to file the grievance in a timely fashion." *Miles v. Cnty. of Alameda*, No. 22-cv-06707, 2023 WL 2766663, at *11 (N.D. Cal. Apr. 3, 2023) (collecting cases); *see, e.g.*, *Rucker v. Giffen*, 997 F.3d 88, 94 (2d Cir. 2021) (holding grievance procedures were unavailable to a plaintiff hospitalized for over a month who was required to file a grievance within five days); *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (remanding to determine whether grievance process was available to plaintiff during his stay in the hospital and prison infirmary); *Weiss v. Barribeau*, 853 F.3d 873, 875 (7th Cir. 2017) (reversing dismissal where plaintiff "was grappling with a serious mental illness during the time that he was supposed to have been exhausting his administrative remedies"); *Cox v. Peters*, No. 2:19-CV-00376-AC, 2021 WL 2272926, at *6–8 (D. Or. May 14, 2021) (finding plaintiff's mental and physical incapacitation rendered administrative remedies unavailable), *report & recommendation adopted*, 2021 WL 2269462 (D. Or. June 3, 2021). *But see Johnson v. Dist. of Columbia*, 869 F. Supp. 2d 34, 39 (D.D.C. 2012) (explaining that "the bulk of authority . . . has consistently held that individuals with disabilities or mental illness must nonetheless comply with the PLRA's exhaustion requirements").

PAGE 5 – OPINION & ORDER ON SUMMARY JUDGMENT

For the purposes of this motion, this Court will assume without deciding that the effects of pregnancy and birth may, in some cases, render a plaintiff incapable of filing a grievance. But Plaintiff has not demonstrated that the grievance process was effectively unavailable to *her*. She has not provided any evidence in support of her response to Defendants' Motion. This Court cannot reasonably infer, on the present record, that Plaintiff was incapacitated during her pregnancy or after birth. It is not enough that "the first few weeks after having a baby are difficult" for the birthing parent. Resp., ECF 36 at 5 n.3 (citing a Mayo Clinic website). Plaintiff's evidence must be "particular" to her. *Fordley*, 18 F.4th at 351. Further, it is unclear when Plaintiff's alleged impairment began and when it ended in relation to the 30-day grievance-filing deadline. *See* Agreed Facts, ECF 31 ¶ 5. Plaintiff has not carried her burden, and therefore summary judgment to Defendants is appropriate.

## CONCLUSION

Defendants' Motion for Summary Judgment, ECF 32, is GRANTED.

**IT IS SO ORDERED.**

DATED this 27th day of November, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge